# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ABG-LUCKY, LLC,<br>　　Plaintiff,<br>　　　　　v.<br>A CLOTHING MATCHING, *et al.*,<br>　　Defendants. | Civil Action No.<br>1:25-cv-07071-SDG |

## PRELIMINARY INJUNCTION

　　This case comes before the Court following a hearing on Plaintiff's request for a preliminary injunction. The Court previously entered a Temporary Restraining Order (TRO) and Asset Freeze Order against all Defendants on December 22, 2025,[1] and authorized Plaintiff to serve Defendants by electronic means.[2] In conjunction with the TRO, the Court ordered Defendants to appear at a hearing to show good cause why a preliminary injunction should not issue.[3]

　　The hearing went forward as scheduled on January 5, 2026, at 1:00 PM EST. No Defendant appeared. Accordingly, Defendants have failed to show good cause why a preliminary injunction should not issue. The Court finds that Plaintiff has established the following:

---

[1]　ECF 12.

[2]　ECF 10.

[3]　ECF 12.

1

1.  It has a substantial likelihood of success on the merits of its trademark counterfeiting and infringement claims given that:

    a.  Plaintiff owns valid and enforceable federal trademark registrations for various marks including LUCKY, LUCKY BRAND, LUCKY BRAND HOME, LUCKY BRAND JEANS, LUCKY DARLING, LUCKY KID, LUCKY LEGEND, LUCKY ME, LUCKY YOU, LUCKY YOU LUCKY BRAND, CLOVER Design, LUCKY DUNGAREES Design, Zipper Design, Zipper Design 2, and many others, together with common law rights in those and other marks;

    b.  The counterfeit and infringing products advertised and offered for sale by Defendants are neither genuine nor authorized by Plaintiff;

    c.  Defendants are using marks that are either colorable imitations of Plaintiff's marks or spurious marks that are identical with or substantially indistinguishable from Plaintiff's marks, in commerce, on or in connection with the advertising, offering for sale, or sale of counterfeit and infringing products; and

    d.  Defendants' use of Plaintiff's marks or colorable imitations thereof is likely to cause consumer confusion, mistake, or

deception as to the source or origin of the counterfeit and infringing products.

2. Plaintiff will suffer irreparable harm if the injunction does not issue. *See* 15 U.S.C. § 1116(a) (entitling the plaintiff to "a rebuttable presumption of irreparable harm . . . upon a finding of likelihood of success on the merits"). Moreover, the continued sale of counterfeit and infringing products threatens Plaintiff with the loss of its reputation and of consumer goodwill.

3. The balance of the harms weighs in favor of granting the injunction given that the threatened injury to Plaintiff's reputation and goodwill absent an injunction outweighs any potential financial harm that Defendants may suffer as a result of the injunction.

4. The requested injunction would serve the public interest. Avoidance of consumer confusion is in the public interest, particularly when consumers are misled as to the quality, source, and composition of counterfeit and infringing products, many of which do not comply with applicable product safety, manufacturing, or labeling requirements.

Plaintiff has established that a preliminary injunction is warranted, and Defendants have failed to show good cause why a preliminary injunction should not issue. Plaintiff's request for a preliminary injunction is accordingly **GRANTED** as to the Defendants listed in Exhibit A, as follows:

1. For the duration of this action, each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order is hereby **ORDERED** to cease and refrain from:

    a. manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any counterfeit and infringing products;

    b. manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods bearing Plaintiff's marks, or any confusingly similar trademarks, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

    c. destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any counterfeit and infringing products;

    d. using Plaintiff's marks, or any confusingly similar trademarks, on or in connection with any virtual storefront that any

    Defendant may own, operate, or control on any online marketplace;

  e. any and all use of Plaintiff's marks, or any confusingly similar trademarks, as metatags, on any webpage (including the title of any webpage), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to virtual storefronts registered, owned or operated by any Defendant on any marketplace; and

  f. altering, disabling, closing, or transferring ownership of any virtual storefront on any online marketplace.

  2. For the duration of this action, each Defendant must preserve all documents and electronically stored information arising from or related to its sale, offer for sale, distribution, and advertising of counterfeit and infringing products through its virtual storefronts located on the online marketplaces.

  3. For the duration of this action, all Financial Institutions[4] that receive actual notice of this Order shall continue to attach and freeze all funds in any

---

[4] "Financial Institution" is defined as "payment processors, banks, escrow services, money transmitters, the Marketplaces themselves, and other companies that engage in the processing or transfer of money of or on behalf

accounts owned, controlled, utilized by, or associated with the Defendants and otherwise prohibit the transfer of any funds out of any such accounts and divert any frozen funds and any additional funds that may be transferred into the accounts into a holding account at the marketplace or the respective Financial Institution for the trust of the Court, with such frozen funds or holding accounts being held, maintained, or located exclusively within the United States.

4. No funds restrained by this Order shall be transferred or surrendered by any Financial Institution or online marketplace for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of the Court.

5. For the duration of this action and upon receipt of actual notice of this Order, each online marketplace on which a Defendant maintains a virtual storefront or account shall continue to freeze all funds held or received by the marketplace for any Defendant's benefit and disable each Defendant's virtual storefronts on the marketplaces and any accounts associated with each Defendant and cease providing any services to Defendants.

6. Plaintiff may notify the marketplaces and Financial Institutions of this Order by electronic means, including by electronic mail.

---

of Defendants by virtue of their operation of virtual storefronts on any of the Marketplaces" in the Court's December 22, 2025 TRO. ECF 12, at 6.

7. This Order shall remain in effect for the duration of this action and until such time as a final judgment is entered.

8. This Order shall apply to Defendants, their associated virtual storefronts on the marketplaces, and any other websites, domain names, seller identification names, e-commerce stores, or Financial Institution accounts which are being used by Defendants for the purpose of advertising, offering for sale, and selling any counterfeit and infringing products at issue in this action or unfairly competing with Plaintiff.

9. Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to modify or dissolve same within a reasonable time after receipt of this Order.

The Court's TRO [ECF 12] is dissolved and is replaced by this preliminary injunction Order which is hereafter in effect.

**SO ORDERED** this 5th day of January, 2026.

                                          Steven D. Grimberg
                                   United States District Judge

# EXHIBIT A
## LIST OF ALL NAMED DEFENDANTS SUBJECT TO ORDER

| |
|---|
| A Clothing Matching |
| A unique and fascinating shop |
| ACAMBELL3 |
| Adi Art Studio |
| ALGORITHMIC11 |
| ALittles |
| ALPINE WHOLESALE BAZ |
| ALYGDJGC H |
| ANISHE |
| ANMAIFUSHIRM |
| Apex Cloth |
| Ascending all the way |
| Asian embroidery |
| AUSSS |
| Awesome Selection - Little smile dress |
| AYOUGUO |
| AZY clothing |
| Bella Bliss |
| Big Framed picture |
| Billseashop |
| Bimile |
| Boutique hat thriving shop |
| Break the ice |
| BRIGHT BUSINESS LOGIS |
| Brother Flathead |
| CapVibe Co |
| ceice local |
| chendianchendian |
| Chic Horizons |
| ChicCurve Clothing |
| ChicPrints |
| ChicRevolution |
| Clothing Heat Transfer |
| CNWTX local |
| ColdNeon |
| Colorful hat shop |

| |
|---|
| Comfy Couture Studio |
| Control quality |
| CoolGirl Cloth Local |
| Core core XieXing |
| CosmoACraft |
| CTRO1563shop |
| Curved Moon Fashion Circle |
| DapperMen |
| DERELLY |
| DIY Heat Transfer custom |
| Dokkalfr |
| Donjunlio |
| Duo Zhao clothing |
| DUSTY ANGELS |
| E Aruru |
| ERHUANGN |
| ert dzz |
| FCJTH |
| FemmeAura |
| FIANYU |
| FINEST MASTERPIECES |
| Fisshshop |
| FLTSHIRT |
| fqXccVfK |
| Full Size Fashion |
| G426442'shop |
| GlamorFusion |
| GOLDENGATE BUSINES |
| GONEW |
| Great stickers |
| GUANGYONGRUI CLOTHING |
| GZYUQIAOBAIHUO |
| Halleys Comet |
| HarborNook |
| Hat Universe |
| Hats Haven |
| HENGNYA |
| HENGNYB |

| |
|---|
| HipHaven |
| hjsfk |
| hzuanyitanghua |
| Indigo Imp |
| INQQ local |
| Jiang Jun Clothing |
| jiaoxingoushop |
| JIN LAN FU ZHUANG |
| JIUYOU UUU |
| Kabang |
| Kindle Men |
| kkayplanet |
| LCAIZ |
| Left Bank Workers Society |
| LegendLuxe |
| Lifestyle mens wear |
| LIN YAN HUA POSTER |
| LINGLINGAA |
| LittleBoyClothing |
| LIU YUEE |
| LJSMON |
| LKMD |
| LoSop |
| Lovely Girl Cloth |
| Lush Layers |
| MANmanlaia |
| Manturo |
| Ming Hanxing trade |
| MinimalTee |
| Mirror Closet |
| ModaMentor |
| MRLINYUEHUA |
| MrPotter |
| MrsD |
| Mwzfushi |
| NebulaApparel |
| Neo Flux |
| nmMdMgJI |

| |
|---|
| NYFMJSC |
| NYTLNGC |
| One Cool Guy |
| Outfit matching |
| POONBTT |
| PrintPals Tee |
| PTDFG |
| QingyangAA |
| RetroRanger |
| RmTxfushi |
| SDRSNSWR Poster |
| Sexy customization local |
| SFYZLK |
| SHENGCHENJIAN CLOTHING |
| SheStyle Tees |
| Sienna you |
| SleekStitch |
| Smart Studio |
| SN ForNook A |
| SOLO GALA |
| StylishStitch T shirts |
| Sunning qi girl |
| Sunny handsome boy |
| Surpass MEN |
| SwiftAura |
| TeeAluxe |
| Ten Cp |
| TH Girl Hat Shop |
| Thermal transfer design |
| TKTX Factory |
| Trendsetter Hat |
| TrendyThreadss |
| TUO MI HATS |
| TwenfushiJIT |
| UFECHEI |
| USRMBD |
| Very Good Tshirt |
| viccry |

| |
|---|
| VintageGent |
| Vogue Pulse Studio |
| vSegpjQd |
| VVTela |
| Wa ha ha xi xi |
| WANSON APPAREL |
| WARDMESAM5 |
| WEI TA TWO |
| Why Everyone wants it |
| with various pulls |
| Wonderful patch |
| wuzhuxi |
| xhuirus |
| xiaofanfandedian |
| xiaokaixin |
| XuanYiFei |
| XUWEIBO |
| XYH happy |
| XZST |
| YCCL428561'shop |
| yifanclothes |
| YQSMSE |
| Yudola Trade |
| YULONG SSS |
| YW lady |
| YYX Hat |
| ZCSStyles |
| ZENDXI |
| Zun M |
| ZUOYI AAA |